**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EMANUEL ABRAM, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:25-1352 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| WARDEN TREVOR WINGARD, | ) | |
| DISTRICT ATTORNEY OF | ) | |
| ALLEGHENY COUNTY, | ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM</u>**

Before the Court[1] are the Amended Petition for a Writ of Habeas Corpus (ECF 3) filed by

Emanuel Abram under to 28 U.S.C. § 2241 and Respondents' Motion to Dismiss (ECF 15). For

the reasons below, the Court will grant Respondents' Motion and dismiss all of Abram's claims

because they are moot. The Court will also deny a certificate of appealability.

**I.      Relevant Background**

When Abram commenced this habeas case he was a pre-trial detainee housed at the

Allegheny County Jail. He was awaiting his trial to be held in the Court of Common Pleas of

Allegheny County at criminal docket number CP-02-CR-7906-2024 on one count of simple

assault. In Abram's Amended Petition, which he filed under 28 U.S.C. § 2241, he raised claims

challenging the legality of his pre-trial detention. (ECF 3 at 6-8.) As relief, he sought an order from

this Court directing that he be released from custody.[2] (*Id.* at 8.)

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. (ECF 7, 9.)

[2] Abram also sought money damages, but that type of relief is not available in a habeas proceeding. *See, e.g.*, *Marine v. Quintana*, 347 F. App'x. 736 (3d Cir. 2009).

The Court directed that the Amended Petition be served upon Respondents, who filed the Answer asserting, among other things, that Abram failed to exhaust his available state court remedies, and also that the Court should abstain from deciding Abram's claims under the *Younger* abstention doctrine. (ECF 10). More recently, Respondents filed their Motion to Dismiss (ECF 15) in which they notify the Court that Abram's trial was held, a jury found him not guilty, and he has been released from custody.

## II.    Discussion

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing, *inter alia*, *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "For state prisoners, federal habeas corpus is substantially a post-conviction remedy." *Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975) (citing *Peyton v. Rowe*, 391 U.S. 54, 50 (1967) and 28 U.S.C. § 2254). After a state prisoner has been convicted, sentenced, and has exhausted his remedies in the state courts, he may seek federal habeas relief pursuant to 28 U.S.C. § 2254, which is the federal habeas statute applicable to state prisoners "in custody pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a).

While § 2254 applies to post-trial situations, the more general habeas corpus statute, 28 U.S.C. § 2241, does provide federal courts with jurisdiction to issue a writ of habeas corpus filed by a state pretrial detainee, but only in very limited circumstances. The United States Court of Appeals for the Third Circuit has warned that jurisdiction over a state prisoner's § 2241 pretrial petition "must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3 (3d Cir. 2010) (quoting *Moore*, 515 F.2d at 445-46).

Additionally, regardless of whether a state prisoner is proceeding under § 2241 or § 2254, and except in very rare circumstances that do not apply here, a petitioner must first exhaust his available state-court remedies before he may proceed with his claims in federal court. 28 U.S.C. § 2254(b), (c); *see, e.g.*, *Breakiron v. Wetzel*, No. 2:14-cv-570, 2015 WL 451167, *7 (W.D. Pa. Feb. 3, 2015) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) and *Moore*, 515 F.2d at 441).

It also is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir.2009). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey*, 556 F.3d at 147. "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.*; *also Keitel*, 729 F.3d at 280. Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *Id.* at 147-78; *Keitel*, 729 F.3d at 280 (because the petitioner died, he was no longer "in custody" and, therefore, his habeas petition was rendered moot by his death).

Because Abram has been released from custody for the charge at criminal docket number CP-02-CR-7906-2024, he no longer has the requisite "personal stake" in the outcome of the litigation. *Spencer*, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."); *Burkey*, 556 F.3d at 147; *Keitel*, 729 F.3d at 280. Accordingly, there is no case or controversy for

this Court to consider, and the Amended Petition must be dismissed as moot. *Luna v. Erie Cnty. Ct. of Common Pleas*, 2016 WL 2586630, (W.D. Pa. Apr. 7, 2016), report and recommendation adopted, 2016 WL 2350146 (W.D. Pa. May 4, 2016) (dismissing petitioner's § 2241 petition as moot after he was acquitted).

Because jurists of reason would not find it debatable whether all of Abram's § 2241 claims should be dismissed as moot, a certificate of appealability is denied with respect to all claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.

Date:  June 2, 2026

/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE

4